Bell, J.
Since the obligation assumed by Universal under the policy here is dependent upon a determination of whether the accident resulting in this litigation arose “out of the hazards * * * defined,” our first consideration must be the “Definition of Hazards” as set out in the policy.
In our opinion, the wording of “division 1” in that definition clearly indicates that it was intended to cover more than accidents occurring “on the premises” owned, maintained or used by the insured. The operations “necessary or incidental” to “the purpose of an automobile dealer” obviously contemplate many activities necessarily not capable of being performed “on the premises.” The demonstration of automobiles, the driving of them by prospective purchasers, the operation of a service truck and many other operations and activities of an automobile dealer are items necessary or incidental to his business and must necessarily be conducted off the premises.
Nor do we believe that the definition always excludes an automobile that is titled in someone other than the named insured. The words used by Universal in its policy extend to the “use of any automobile in connection with” the insured’s business. Here the finance company had placed this automobile in the custody of Gingrich for the purpose of resale. The dealer thus had charge and control thereof and was the only person with authority to permit the use of it by anyone. To say that Gingrich undertook the resale of this car as a courtesy to the finance company alone and without any thought for the furtherance of its own business is to blink one’s eyes at the reality of *414 the situation. We are of the opinion, therefore, that the automobile and its use were clearly within the definition of the hazards covered by the policy.
The remaining question is whether DeCant can come within the terms of the policy as an “insured.” Here again we look to the definition contained in the policy and find that the word, “insured,” includes any person while using, with the permission of the named insured, an automobile covered by the policy.
It is contended by Universal that the use of this automobile by DeCant was not permissive but was that of a conditional vendee, and that actual ownership of the automobile had passed to him. Universal relies for its position on Workman v. Republic Mutual Ins. Co., 144 Ohio St., 37, 56 N. E. (2d), 190, which case approved and followed Automobile Finance Co. v. Munday, 137 Ohio St., 504, 30 N. E. (2d), 1002.
The third paragraph of the syllabus of the Workman case reads as follows:
“Where the insured sold an automobile and delivered possession thereof to the purchaser who signed an instalment note for the purchase price, executed a chattel mortgage securing the same, signed an application for transfer of the certificate of title which the vendor had delivered to the purchaser, and redelivered same to the vendor for filing in an adjoining county within the three days permitted by law, actual ownership with complete possession and control passed to the purchaser. (Automobile Finance Co. v. Munday, 137 Ohio St., 504, approved and followed.)”
Since the decisions in the Munday and Workman cases, this court has decided Mielke v. Leeberson, 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, and Garlick, Admr., v. McFarland, a Minor, 159 Ohio St., 539, 113 N. E. (2d), 92. The latter case, in the words of the Court of Appeals herein, has cast some doubt upon the import of the decision in the Workman case. And Judge Taft, in his concurring opinion in the Garlick case, recognized that the holding in that case cannot be reconciled with the Workman and Munday cases.
The third paragraph of the syllabus of the Garlick case, which recites a situation almost identical with that recited in the above-quoted paragraph from the Workman case, reads as follows:
*415 “Where an automobile is sold by the owner, with full payment of the agreed price and delivery of possession to the purchaser thereof but the assignment and delivery of the certificate of title are deferred, a change in the ownership of the automobile is not consummated in accordance with the provisions of the Ohio Certificate of Title Act and coverage of such automobile by an insurance policy issued to the owner thereof continues in force until the consummation of the sale by assignment and delivery of the certificate of title.”
The line between ownership and nonownership of an automobile must be finely drawn. This court in its most recent decisions, in interpreting Section 4505.04, Revised Code, has drawn that line at the issuance of a certificate of title. Until such time as a certificate of title is issued to a purchaser, no title to the automobile passes to him.
It is conceded that a certificate of title to the automobile involved herein had not been issued to DeCant. The automobile remained in the custody and control of Gingrich, and, until such time as it saw fit to have a certificate issued to DeCant, the automobile was being used by DeCant with its permission.
It necessarily follows that, since the automobile in question was covered by the definition of hazards in the policy, the judgment of the Court of Appeals must be reversed and that of the trial court affirmed.

Judgment reversed.

W EYGANDT, C. J., ZlMMERMAN, STEWART, TaET, MATTHIAS and Herbert, JJ., concur.