Taet, J.,
concurring in judgment. In my opinion, it is not necessary, under the terms of the policy involved in the instant cases, to determine whether there was a change in the ownership of the automobile described in that policy.
On the first page of the policy, under the heading “Declarations” appear ten items. These read in part:
“Item 1. Name of insured — Donald Prosen.
í Í * * *
“Item 3. The named insured is — Individual.
“Item 4. The automobile will be principally garaged in * * *.
“Item 5. Occupation of the named insured is * * *.
“Item 6. Policy Period * * *.
( ( * * *
“Item 9. The purposes for which the automobile is to be used are ‘pleasure and business’ * * *.
“Item 10. (a) Except with respect to bailment lease, conditional sale, mortgage or other encumbrance the named insured is the sole owner of the automobile; (b) During the year no insurer has canceled any automobile insurance issued to the named insured: No exceptions.” (Emphasis supplied.)
*551 After those items, there appears the countersigning by an authorized agent of the insurer.
On the succeeding pages, appears the statement that the insurer “agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy.” Then follow several paragraphs under the heading “Insuring Agreements,” including the “coverage A” and “B” and the “Definition of Insured” provisions quoted in the majority opinion. Thereafter, there are certain provisions under the heading “Exclusions” and certain provisions- under the heading “Conditions.”
The emphasized portions of the foregoing declarations make it appear that there was no undertaking in those declarations by the named insured Prosen that he would continue to be the owner of the automobile. With respect to his ownership, those declarations use the word “is,” as contrasted to words such as “will be” and “is to be” used in certain other items of the declarations.
Under the heading “Insuring Agreements,” paragraph VI reads in part:
“This policy applies only to accidents which occur * * * while the automobile * * * is owned, maintained and used for the purposes stated as applicable thereto in the declarations.” (Emphasis supplied.)
The only portion of the declarations involving such “purposes” is item 9.
There is no other provision of the policy which even remotely suggests any requirement that the named insured’s ownership should continue or that the policy should cease to be effective if the named insured’s ownership of the automobile should, during the period of the policy, cease.
*552 Paragraph Í8 under “Conditions” reads:
“By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance. ’ ’
Admittedly, Prosen was at the time of the issuance of this policy and at the time the declarations were made “the sole owner of the automobile” involved. His representation as to ownership as found in the declarations was therefore true.
It is clear from the policy that the “named insured” was Prosen. Under the provisions of the policy defining the insured so as to include “any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission,” there could be coverage of a person other than Prosen while using the automobile described in the policy provided the actual use of that automobile was with the permission of Prosen. I agree with the majority that the determination of that question was one of fact for the jury.
Because it gives as a basic reason for the judgment being rendered herein that Prosen continued as owner of the automobile even if it was, to use the words of paragraph three of the syllabus, “sold * * * with full payment of the agreed price and delivery of possession to the purchaser thereof,” I am of the opinion that the majority opinion cannot be reconciled with the decisions rendered by this court in Automobile Finance Co. v. Munday, 137 Ohio St., 504, 30 N. E. (2d), 1002, and Workman v. Republic Mutual Ins. Co., 144 Ohio St., 37, 56 N. E. (2d), 190. Certainly, under the decision in the Munday case, Prosen could not have recovered possession of the automobile from the party *553 to whom he had voluntarily delivered it and from whom he had received payment of the full purchase price, merely because he had retained the certificate of title to the automobile. Under those circumstances, as recognized in the Workman case, a party in Pro-sen’s position would not continue to be owner of the automobile. Of course, under Kelley Kar Co. v. Finkler, 155 Ohio St., 541, 99 N. E. (2d), 665, Prosen could have, if he had been able in some way to regain possession of the automobile, transferred title to a bona fide purchaser thereof who would, if he had received possession of the car and a valid certificate of title therefor, have been in a position to claim title to the car as against McFarland. However, the question of ownership in the instant cases, if it were material, would be a question as between Prosen and McFarland. Prosen would certainly not be a bona fide purchaser in any claim he asserted to the automobile after he voluntarily delivered it to McFarland and McFarland paid the full purchase price therefor.