UNITED STATES FIDELITY & GUARANTY COMPANY,
PLAINTIFF-APPELLEE, *v.* SELECTIVE INSURANCE COMPANY,
DEFENDANT-APPELLANT, THOMAS, SR., ET., NEW PARTY
DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26171.   Decided March 21, 1963.

*Mr. Paul P. Sogg*, for plaintiff-appellee.
*Messrs. Hauxhurst, Sharp, Cull & Kellogg, Mr. Michael R. Gallagher* and *Mr. Thomas A. Dugan*, for defendant-appellant.
*Mr. L. M. Cailor*, for new party defendants-appellees.

*Per Curiam.*   This is an appeal on questions of law from a judgment entered by the Court of Common Pleas in favor of the plaintiff-appellee and new party defendants-appellees against the defendant-appellant, Selective Insurance Company.

United States Fidelity & Guaranty Company filed a declaratory judgment action against Selective Insurance Company seeking to have the court declare that Selective insured Edward M. Thomas, Sr., Edward M. Thomas, Jr. and Mary Jeannette Thomas.   At the time of the filing of the action, the Thomases had been named defendants in four lawsuits which

were then pending in the Mahoning County Court of Common Pleas. Subsequent to the filing of the declaratory judgment action, United States Fidelity & Guaranty Company and the Thomases settled the four Mahoning County lawsuits.

United States Fidelity & Guaranty Company then amended its petition so as to seek reimbursement from Selective Insurance Company for the money it had contributed toward the settlement and for its attorneys' fees. The Thomases, having obtained leave of court, were made new party defendants and cross-petitioned against Selective Insurance Company for the money they had contributed toward the settlement and for their attorney's fees. The case was tried to the court without the intervention of a jury.

The judgment from which this appeal is prosecuted reads as follows:

"It is therefore ordered, adjudged and decreed that judgment is rendered in favor of the plaintiff in the sum of $15,900.73 together with interest from October 16, 1958, against the defendant, Selective Insurance Company; judgment is rendered in favor of defendants Thomas on their cross-petition in the sum of $7500.00 together with interest from October 16, 1958, against the defendant, Selective Insurance Company."

The assignments of error urged by the defendant-appellant are five in number and are as follows:

"1. The Court erred in allowing the Thomases to intervene.

"2. The Trial Court erred in holding that the title to the Triumph sports car was still in Selective's insured at the time of the accident.

"3. The Trial Court should have held that U. S. F. & G. acted as a volunteer.

"4. The Trial Court erred in overruling the Appellant's Motion for Judgment, made at the conclusion of all the evidence. Also, the Court's finding that the reasonable value of the settlement was $20,000.00 is not supported by the evidence.

"5. The Court erred in holding that U. S. F. & G. had a right to recover for its attorneys' fees and expenses."

The bill of exceptions with the included depositions of the

new party defendants discloses that on June 25, 1956, Edward Thomas and his eighteen-year old son, Edward Thomas, Jr., went from their home in Youngstown, Ohio, to the place of business of Sports Cars of Akron, Inc. in Akron, Ohio, and there selected, purchased and accepted delivery of a Triumph sports car, for which they turned in an "M G" car, and paid the balance of the purchase price with a check signed by Edward Thomas, Sr. The record shows that the son had seen this car on former occasions, and that as a result of a discussion in the family, the car to be purchased was intended for the use of the son and title was to be taken in the name of the mother, Mary J. Thomas, because the son was a minor.

The record further shows that delivery of the car was taken by the son who drove it home with the father as a passenger; that the employees of Sports Cars of Akron, Inc. saw the son drive away with the father as the only passenger; that the father received a bill of sale but no certificate of title at the time of the delivery of the car.

Plaintiff's Exhibit 1 in the record consists of the following documents: (1) Manufacturers Statement of Origin to a Motor Vehicle in the name of Sports Cars of Akron, Inc., bearing an assignment of said vehicle to Mary Jeannete Thomas of Youngstown, Ohio, signed by William Henry, containing a jurat by a notary public for Summit County executed on the 26th day of June, 1956; (2) an application in the name of Mary Jeannette Thomas residing in Youngstown, Ohio, for a certificate of title to the Triumph car, allegedly signed by the said Mary Jeannette Thomas and bearing a jurat of a notary public for Summit County, Akron, Ohio, certifying that it was "sworn to before me and subscribed in my presence this 26th day of June, 1956"; (3) a new certificate of title in the name of Mary Jeannette Thomas for said Triumph car issued by the Clerk of Courts of Mahoning County on June 30, 1956.

On June 27, 1956, Edward M. Thomas, Jr., while driving the Triumph sports car was involved in an accident in which his passenger, Robert Renner, was killed.

The record then discloses that subsequently the administrator of the estate of the passenger, Robert Renner, filed the four lawsuits in Mahoning County against the Thomases;

that two lawsuits were filed for wrongful death, one against Edward Thomas, Jr., based upon willful or wanton misconduct and one against Mr. and Mrs. Thomas alleging negligent entrustment; that the other two suits were for conscious pain and suffering of the deceased, one suit being against Edward Thomas, Jr., based upon willful or wanton misconduct, and the other suit against Mr. and Mrs. Thomas alleging negligent entrustment; that the first of these four cases, the wrongful death case against Edward Thomas, Jr., was tried and resulted in a jury verdict of $35,000.00; that while this case was being appealed, the second case was called for trial before the same judge who had presided at the trial of the first case; that at this point a settlement of the entire claim of the administrator was effectuated, United States Fidelity & Guaranty Company paying $12,500.00 and the Thomases contributing $7,500.00 toward a total settlement of $20,000.00.

The record further discloses that United States Fidelity & Guaranty Company then brought the present action against Selective Insurance Company seeking to recover the sums expended for settlement, attorney fees and incidental expenses.

Subsequent to the filing of the action, the Thomases were added as new party defendants. They sought to recover for the $7,500.00 they paid in settlement plus the $2,500.00 they paid to their attorney.

Sports Cars of Akron, Inc. carried a policy of liability insurance with the Manufacturers and Merchants Indemnity Company with limits of $100,000 and $300,000. That company is now known as Selective Insurance Company and therefore Selective Insurance Company's name will be used as the insurer of Sports Cars of Akron, Inc.

Mary Jeannette Thomas and Edward Thomas were named insureds under a policy of insurance issued by the United States Fidelity & Guaranty Company with limits of $100,000 and $300,000. Edward Thomas, Jr., was an additional insured under said policy.

By endorsement effective June 25, 1956, the United States Fidelity & Guaranty Company insurance was terminated on the automobile which had been traded in to Sports Cars of Akron, Inc. and the new Triumph sports car was added to the policy as a "described automobile."

Mr. Gilbert James, United States Fidelity & Guaranty Company's agent, who serviced the Thomas account, had testified that this endorsement was actually made on June 28, 1956, but that he made the endorsement effective June 25, 1956.

It seems to us that the crux of the controversy before the trial court was whether or not the ownership of the Triumph sports car at the time of the accident remained in Selective's insured. The trial court so found and appellant Selective in its assignment of error No. 2 claims that the court was in error in so ruling.

Selective bases its principal reliance upon the proposition that its insured had done everything it could, or was obliged to do, to divest itself of the ownership of this vehicle in transferring ownership to the purchaser and comes within the framework of the case of *Workman* v. *The Republic Mutual Ins. Co.*, 144 Ohio St., 37, 56 N. E. (2d), 190.

The documents referred to above would tend to bear out this contention. However, there is no direct testimony in the record as to the execution of these documents in support of the statements contained in the jurats of the notary. On the other hand, the record is clear that Mrs. Mary Jeannette Thomas was not in Akron at the time of the purchase of the Triumph nor at any time prior to the accident so that she could not have signed the application for a new certificate of title *before* the accident. Moreover, she testified under oath that all documents with relation to the transfer of title for the Triumph were signed and executed by her on June 28, 1956, the day after the accident. This testimony stands uncontroverted. The fact, therefore, is manifest that Selective's insured did not do everything it was legally obligated to do to divest itself of the ownership of the Triumph car and that such ownership at the time of the accident remained in it. Hence, the *Workman case, supra,* has no application to the facts in this case, and the trial court was correct in concluding that the ownership of the Triumph remained in Sports Cars of Akron, Inc. The trial court was also correct in holding that the case of *Brewer* v. *DeCant*, 167 Ohio St., 411, 149 N. E. (2d), 166, was controlling.

Assignment of error No. 2, therefore, is overruled.

We further find that the trial court committed no error

prejudicial to the substantial rights of the appellant with respect to the remaining assignments of error and overrule the same.

Accordingly, judgment affirmed.

Exceptions. Order see journal.

KOVACHY, P. J., HURD and ARTL, JJ., concur.