COOK, PLAINTIFF-APPELLEE, AND FIREMAN'S FUND INSURANCE COMPANY, DEFENDANT-APPELLEE, v. CONTINENTAL CASUALTY COMPANY, NEW PARTY DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26243.   Decided June 13, 1963.

*Messrs. Woodle & Wachtel, Mr. George R. Hewes,* for plaintiff-appellee.

*Messrs. Hollingsworth & Hollingsworth,* for defendant-appellee.

*Messrs. McNeal & Schick,* for defendant-appellant.

CORRIGAN, J.  In this case an appeal on questions of law was taken from a summary judgment granted on motion of plaintiff and defendant, Fireman's Fund Insurance Company, against new defendant, Continental Casualty Company, in the Municipal Court of Cleveland.

The case arose out of a collision between an automobile driven by defendant, Andrew J. Kozell, and a tractor-trailer

owned by Robert Cook which was insured by Fireman's Fund Insurance Company. A finding and judgment for property damage was rendered against Kozell in favor of Cook and Fireman's Fund on its subrogation right. Then Fireman's Fund and Cook sued Continental Casualty Company on a supplemental petition, claiming that a garage liability insurance policy, insuring Euclid Ford Company, covered Kozell. Kozell had purchased the 1955 Dodge automobile which he was operating at the time of the collision from Euclid Ford Company on or about January 31, 1961, but the certificate of title was not filed for record in the office of the Clerk of Courts until February 2, 1961.

Fireman's Fund and Cook filed, with their motion for summary judgment, an affidavit of counsel and

1. A copy of the certificate of title showing title in Kozell from Euclid Ford Company as of February 2, 1961;

2. A letter dated February 24, 1961, to Continental Casualty Company from an attorney for Cook, notifying it of the accident;

3. A letter dated June 2, 1961, from an attorney on Cook's behalf notifying it of the suit against Kozell with the case number and court and claiming that the Continental policy on Euclid Ford covered Kozell;

4. A letter dated June 22, 1961, to Cook's Cleveland attorneys from Continental's Cleveland claims supervisor;

5. A letter dated July 11, 1961, to Fireman's Fund from Continental's claims supervisor.

The supplemental petition alleges that the Municipal Court "* * * judgments were rendered for property damage, loss of use and other expenses as the result of damage to a tractor-trailer unit owned by Robert Cook when said tractor-trailer unit was struck by a 1955 Dodge automobile *owned by the Euclid Ford Company* and driven by Andrew Kozell * * *." (Emphasis added.)

The answer of Continental alleges in part "* * *; said new party defendant herein denies prior to, and at the time referred to in the Supplemental Petition of the plaintiff herein said Andrew J. Kozell was a named insured in any policy of insurance written by said new party defendant; said new party defendant herein denies said Andrew J. Kozell complied with all or any of the terms, conditions and provisions of any policy of insurance

written and issued by said party defendant herein involving a 1955 Dodge automobile *purchased* and driven by said Andrew J. Kozell prior to and on January 31, 1962; * * *." (Emphasis added.)

Continental Casualty then affirmatively pleaded that Kozell did not report the accident and did not forward any suit papers or even advise Continental Casualty that he had been sued in the Municipal Court of Cleveland; that Kozell did not request Continental Casualty to defend the suit; that he retained counsel and went on with the trial of the case without any notice to Continental Casualty; and that he prejudiced the interests of Continental Casualty and voided the policy of insurance by not complying with the terms, provisions and conditions of said policy. It further alleged "* * * said new party defendant herein denies each and every other allegation and averment made and contained in the Supplemental Petition filed on behalf of Robert Cook and Fireman's Fund Insurance Company, except as hereinbefore expressly admitted to be true. * * *."

Replies were filed on behalf of Fireman's Fund and Cook which denied all of the affirmative allegations appearing in the answer. It was averred that Continental Casualty was advised of the accident by Fireman's Fund on June 28, 1961. It was also alleged that Continental Casualty waived the provisions of its policy relating to notice of suit and the defense thereof and any other terms and conditions of its policy.

The Continental policy of insurance, with Endorsement 2 thereon, covering Euclid Ford Company, was admitted into evidence on the motion for summary judgment.

Four assignments of error are presented by Continental as follows:

"1. The trial court erred in granting the Motion for Summary Judgment filed on behalf of Robert Cook and Fireman's Fund Insurance Company.

"2. The trial court erred in finding there was no issue of material fact raised by the pleadings.

"3. The trial court erred in determining the facts and evidence and in reconciling ambiguities, instead of permitting the respective parties to prove the issues on their parts to be maintained as required by the law in Ohio.

"4. The trial court erred in its interpretation of the terms,

provisions and conditions of the Garage Liability policy issued by Continental Casualty Company, and the terms, provisions and conditions of Endorsement No. 2 made part of said policy of insurance."

Under Section 2311.041, Revised Code, a summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. It has been noted, *supra*, that the supplemental petition alleged that Euclid Ford Company was the owner of the 1955 Dodge at the time it was involved in the accident and that it was driven by Kozell. The answer of Continental Casualty, as noted *supra*, alleged that the 1955 Dodge was purchased and driven by Kozell prior to and on January 31, 1961. Said answer also denied everything not specifically admitted therein, and this necessarily includes denial that Euclid Ford was the owner of the Dodge. Thus, ownership of the Dodge on January 31, 1961, at the time of the collision, was a genuine issue as to a material fact in the case, and upon the determination of this material fact, the question of coverage is resolved.

The insuring agreement obligates the Continental Casualty to pay on behalf of the Euclid Ford Company all sums which the latter shall become legally obligated to pay as damages arising out of the ownership of an automobile sales agency and all operations necessary or incidental thereto and the "ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes." The insuring agreement further states that it covers "any person while using an automobile covered by this policy" provided the actual use of the automobile is with the permission of the named insured, the Euclid Ford Company.

Endorsement No. 2 on the policy reads, in part: "It is agreed that coverage under this policy is extended to include vehicles until delivery is made to either the original purchaser or person so designated by the insured as the one for whom the delivery was intended."

The trial court obviously assumed that Euclid Ford was the owner of the 1955 Dodge because the Certificate of Title to the automobile, showing title in Kozell from Euclid Ford, was filed February 2, 1961. The legal responsibility, if any, of Continental Casualty under the circumstances, would necessarily have

to be predicated on ownership as provided by the policy. And Continental Casualty, as has been pointed out *supra*, alleged in its answer that the Dodge was purchased and driven by Kozell on January 31, 1961. This was not denied by reply. The word "ownership" as used in the policy of insurance must be construed in connection with the provisions of Section 4509.51, Revised Code, and Sections 4505.03, 4505.04 and 4505.05, Revised Code. Section 4505.03, Revised Code, covering the delivery of a certificate of title. It is to be observed that in the case of *Garlick* v. *McFarland*, 159 Ohio St., 539, 113 N. E. (2d), 92, the Supreme Court of Ohio recognized that ownership and legal title could pass to a purchaser within the meaning of a policy of insurance and the Certificate of Title Act, even though the filing with the Clerk of Courts and the issuance of a new certificate had not been accomplished.

In the instant case, the fact that on January 31, 1961, the automobile had been purchased and delivered to Kozell and was being driven by him was before the trial court on the motion for summary judgment. There was nothing before that court as to what papers were signed in the purchase transaction. Furthermore, there was nothing before the court as to possession of the certificate of title to the Dodge on January 31, 1961, and up to February 2, 1961, and that fact is an indicium of ownership. In the case of *Workman* v. *The Republic Mutual Ins. Co.*, 144 Ohio St., 37, 56 N. E. (2d), 190, the court held that where the insured sold an automobile and delivered possession thereof to the purchaser who signed an installment note for the purchase price, executed a chattel mortgage securing same, signed an application for transfer of the certificate of title which the vendor had delivered to the purchaser, and redelivered same to the vendor for filing in an adjoining county within three days permitted by law, actual ownership with complete possession and control, passed to the purchaser. In that case, the insurance contract was an automobile liability policy with a garage liability endorsement carrying the same provisions as in the instant case, and the court held such provisions did not insure against liability for injuries resulting from an accident which occurred after such automobile, with complete possession and control, had been delivered to the purchaser thereof, although a certificate of title thereto had not been issued to the purchaser at the time

of such accident. See, also, *Automobile Finance Co.* v. *Monday*, 137 Ohio St., 504, 30 N. E. (2d), 1002, and *The Kelley Kar Co.* v. *Finkler*, 155 Ohio St., 541, 99 N. E. (2d), 665.

After a careful examination of this record, it is our determination and we so hold that there was before the trial court a paucity of necessary evidence bearing on the material question of ownership of this vehicle at the time of the accident, and this was not sufficient upon which to grant summary judgment under the circumstances in this case and the law applicable thereto.

This disposes of the four assignments of error.

Accordingly, the judgment of the court below is reversed and the cause remanded for further proceedings according to law.

HURD, P. J., and KOVACHY, J., concur.