STACKHOUSE OLDSMOBILE, INC., APPELLEE, *v.* PETRY ET AL.,
APPELLANTS.

[Cite as Stackhouse Oldsmobile, Inc., v. Petry,
12 Ohio App. 2d 68.]

(No. 4679—Decided October 31, 1967.)

*Mr. Edward R. Roberts,* for appellee.
*Mr. Peter B. Betras,* for appellants.

LYNCH, J. This is an appeal on questions of law by defendants, appellants herein, from the judgment of the Court of Common Pleas in favor of plaintiff, appellee herein.

Plaintiff sold a 1957 Cadillac coupe to defendant Eugene W. Petry in April 1960 for $2,787.82. Due to an error in the office of the General Motors Acceptance Corporation, which financed the sale of this automobile, the chattel mortgage listed the price of this automobile as being $2,074.82 instead of $2,787.82, and the amount received by plaintiff from the finance company for defendant Eugene W. Petry was short $713.00.

When the officers of plaintiff discovered this, they called it to the attention of defendant Petry, but Petry did not pay the balance.

One of plaintiff's employees noticed an ad in the Youngstown Vindicator on Saturday, July 9, 1960, in which Petry was offering the 1957 Cadillac coupe for sale for $2,200.

On Monday, July 11, 1960, plaintiff filed a petition against Petry for the unpaid balance on this 1957 Cadillac coupe. At the same time plaintiff filed an attachment on the 1957 Cadillac coupe on the basis that Petry was about to convert this property into money for the purpose of placing it beyond the reach of his creditors.

In the meantime, defendant Donald P. Howell, who lives in Alliance, Ohio, saw the ad in the paper. On Sunday, July 10, 1960, he contacted Petry and agreed to buy the Cadillac automobile.

Howell and Petry met on Monday, July 11, 1960, about 10 a. m. at the Union Bank, Youngstown, Ohio, where Howell paid Petry $2,200, of which part was used to pay a chattel mortgage which was held by the Union Bank. Petry executed the assignment which is on the back of the certificate of title of the 1957 Cadillac coupe to Donald P. Howell in the presence of a notary public who was an employee of the Union Bank. Mr. Petry gave the certificate of title and the keys to the 1957 Cadillac automobile to Mr. Howell.

The 1957 Cadillac automobile was in Mr. Petry's garage. Mr. Howell drove to Mr. Petry's residence and was removing Mr. Petry's license plate from the 1957 Cadillac automobile and was putting his own license plates on the automobile in the

driveway of Mr. Petry's residence when the deputy sheriff arrived and attached the 1957 Cadillac automobile pursuant to the court order under plaintiff's attachment.

Mr. Howell obtained a certificate of title for the 1957 Cadillac coupe in his name on the following day from Stark County.

On July 14, 1960, the 1957 Cadillac coupe was released from the attachment upon the filing of a redelivery bond executed by defendants Petry and Howell and a Mr. Ben Hilson.

Prior to the trial of this case, defendant Petry filed a petition in bankruptcy in which he listed the claim of the plaintiff as one of his debts, and he was given a discharge in bankruptcy by the federal court on April 11, 1962.

Upon trial, the trial court found that defendant Petry owed plaintiff the sum of $713. The trial court further found that the title to the automobile, at the time of the attachment, was in the defendant Eugene W. Petry. The trial court rendered a "qualified judgment" against defendant Petry in the amount of $969.-68, representing principal and interest, and permanently restrained the plaintiff from seeking to collect the judgment from defendant Petry personally, and stated that plaintiff's remedy was against the sureties, Donald P. Howell and Ben Hilson, on their bond. Motion for new trial was overruled, and this appeal was filed.

Plaintiff filed this attachment on this Cadillac automobile as a creditor of Petry and claims the right of possession of this automobile under this attachment, because the title of this automobile was still in the name of Eugene W. Petry at the time the automobile was attached. The answer of defendant Petry disputes plaintiff's position and contends that at the time of the attachment the Cadillac automobile was owned by Donald P. Howell instead of Petry.

Thus, the title, right to ownership, and right to possession are issues in this case, and the burden of proof was upon plaintiff to show that he was entitled to possession of this automobile as a creditor of Petry.

The rights of plaintiff in this 1957 Cadillac automobile arise as a creditor of Eugene W. Petry, and the lien of plaintiff by reason of the attachment of this automobile is upon the interest of Petry in this automobile. *Smyth* v. *Anderson,* 31 Ohio St. 144;

*Straus* v. *Wessel,* 30 Ohio St. 211; *Armstrong* v. *McAlpin,* 18 Ohio St. 184; and 5 Ohio Jurisprudence 2d 654, Attachment, Section 304.

The only evidence that plaintiff introduced as to the title to this 1957 Cadillac coupe at the time of the attachment was the testimony of John Hanlon, an employee of plaintiff, who was present with the deputy sheriff when this automobile was attached. Mr. Hanlon testified that Mr. Howell produced a certificate of title to this automobile, which was issued in the name of Eugene Petry.

Defendants introduced as evidence defendants' exhibit 3, which is a copy of the certificate of title to the 1957 Cadillac coupe. This exhibit reveals that the certificate of title was issued to Eugene W. Petry. On the back of the certificate of title appears an assignment of this title to Donald P. Howell signed by Eugene W. Petry on July 11, 1960, before a notary public.

Section 4505.03 of the Revised Code provides in part as follows:

"No person, * * * shall sell or otherwise dispose of a motor vehicle without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as is necessary to show title in the purchaser; nor shall any person purchase or otherwise acquire a motor vehicle without obtaining a certificate of title for it in his name in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code."

Section 4505.04 of the Revised Code provides in part as follows:

"No person acquiring a motor vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title, or manufacturer's or importer's certificate for said motor vehicle, for a valuable consideration.

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any mo-

tor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code."

Section 4505.06 of the Revised Code, as of the time this attachment occurred, provided in part as follows:

"* * * *

"In the case of the sale of a motor vehicle by a dealer to a general purchaser or user, the certificate of title shall be obtained in the name of the purchaser by the dealer upon application signed by the purchaser. In all other cases such certificates shall be obtained by the purchaser. In all cases of transfer of motor vehicles, the application for certificate of title shall be filed within three days after the delivery of such motor vehicle."

The present state of Ohio case law on the issues presented by this case is such as to make this case a difficult one to decide. Over six years elapsed from the time this case was filed in the Common Pleas Court until the final judgment. The trial judge has had considerable experience as a judge, and he obviously had difficulty in arriving at his decision in this case. In turn, this court has had to devote considerable time trying to reconcile the conflicting law on this issue.

The difficulty arises because there are numerous cases involving the issue of ownership of motor vehicles as determined by certificates of title, but most of these cases arise out of motor vehicle accidents in which the driver of the motor vehicle liable for the accident has possession of the motor vehicle because he is in the process of purchasing the motor vehicle, but the certificate of title is still in the name of the seller, and the issue is whether the liability insurance policy of the seller who has the certificate of title still issued in his name covers the liability under these circumstances. All the recent cases cited in this opinion arise out of the above fact situation.

The difficulty is that the recent cases concern the issue of the effect on the right of ownership of motor vehicles as determined by certificates of title when possession of the motor vehicles is in the hands of bona fide purchasers for value but the certificates of title are still in the name of the seller. The right of

possession of such motor vehicles is not an issue in these cases. The issue in the instant case is not only how the right of ownership of this motor vehicle is effected by the certificate of title, but whether the right of possession is effected by the certificate of title under the circumstances of this case.

The principal difficulty in this case is the case of *Brewer* v. *DeCant,* 167 St. 411, the second paragraph of the syllabus of which is as follows:

"Under the Ohio Certificate of Title Act, a change in ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser."

On the basis of the above cited case, the trial court held that title to this automobile was in the name of Petry at the time of the attachment and was subject to attachment by plaintiff. The trial judge recognized that this was a "harsh" result, but apparently felt he had no alternative under *Brewer* v. *DeCant,* 167 Ohio St. 411, but to decide the way he did.

If the authority of *Brewer* v. *DeCant, supra,* compels the result arrived at by the trial court, the result is truly harsh. In this case, Howell is a bona fide purchaser for value without notice of plaintiff's claim, who has fully complied with the law, but would be compelled to pay on a judgment against the person from whom he purchased the automobile.

The defendants, appellants herein, contend that the instant case can be distinguished from *Brewer* v. *DeCant,* 167 Ohio St. 411, because in this case Howell was a bona fide purchaser for value from an individual who was not an automobile dealer, that the certificate of title and automobile were delivered to Howell, that under Section 4505.06 of the Revised Code Howell had three days in which to have a certificate of title issued to him, that Howell eventually did comply with Section 4505.06, and that in the interim period Howell was the owner and had title to this automobile.

A review of the law as to defendants' contention, that a distinction can be made between a purchaser from a dealer and a purchaser from a nondealer as to the ownership of the motor vehicle when the certificate of title still remains issued to the seller, reveals that all the recent cases are concerned with whether the liability insurance policy of a seller in whose name the

certificate of title is still issued covers the liability of a person having possession of the motor vehicle at the time of the accident because the person liable for the accident was in the process of purchasing the motor vehicle from the seller.

*Brewer* v. *DeCant,* 167 Ohio St. 411, arose out of a motor vehicle accident in which the person liable for the accident had negotiated a purchase of the automobile from an automobile dealer and was in possession of the automobile; however, the certificate of title was in the name of a former purchaser from whom the automobile had been reposessed. The court held that the insurance company was liable under its standard garage liability insurance policy issued to the automobile dealer.

In *Brewer* v. *DeCant,* 167 Ohio St. 411, the court questioned the third paragraph of the syllabus of *Workman* v. *Republic Mutual Ins. Co.,* 144 Ohio St. 37, which is as follows:

"Where the insured sold an automobile and delivered possession thereof to the purchaser who signed an instalment note for the purchase price, executed a chattel mortgage securing the same, signed an application for transfer of the certificate of title which the vendor had delivered to the purchaser, and redelivered same to the vendor for filing in an adjoining county within the three days permitted by law, actual ownership with complete possession and control passed to the purchaser. (*Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, approved and followed.)"

*Workman* v. *Republic Mutual Ins. Co.,* 144 Ohio St. 37, involved a garage liability insurance policy on an automobile dealer.

The case of *Garlick* v. *McFarland,* 159 Ohio St. 539, which was cited with approval in *Brewer* v. *DeCant,* 167 Ohio St. 411, at page 415, also arose out of a motor vehicle accident in which the person liable for the accident had negotiated a purchase of the automobile and was in rightful possession of the automobile; however, the certificate of title was in the name of the individual who had sold the automobile. The court held that the insurance company was liable under its liability insurance policy issued to the seller who had not assigned and delivered the certificate of title to the buyer. The court in its opinion (Matthias, J.) on page 549 states as follows:

"Those cases clearly and firmly establish the rule in Ohio that where endorsement and delivery of a certificate of title for an automobile are made, title passes even though there is a failure on the part of the recipient to secure the issuance of a new certificate in his name. * * *"

Subsequent to the decision in the case of *Brewer* v. *DeCant*, 167 Ohio St. 411, the Attorney General rendered an opinion on the effect of this decision on the interpretation of Section 4509.-01 (D) of the Revised Code, which is the definition section on "owner" for the purposes of the financial responsibility law. Opinions of Attorney General (1959), 382, No. 676.

The Attorney General discussed both *Brewer* v. *DeCant*, 167 Ohio St. 411, and *Garlick* v. *McFarland*, 159 Ohio St. 539, and arrived at the following conclusions:

"1. Where a motor vehicle is purchased from an automobile dealer, the purchaser does not become the 'owner' of said motor vehicle within the purview of Section 4509.01 (D), Revised Code, until a certificate of title is issued in the name of said purchaser; and in case of an accident involving said motor vehicle occurring before such issuance of certificate of title, such automobile dealer seller is the 'owner' of said motor vehicle within the purview of Chapter 4509., Revised Code.

"2. Where a motor vehicle is purchased from an owner who is not an automobile dealer, the purchaser becomes the owner of said motor vehicle within the purview of Section 4509.01 (D), Revised Code, immediately upon the assignment and delivery to such purchaser of the seller's certificate of title to said motor vehicle; and in case of an accident involving said motor vehicle occurring after such assignment and delivery, such purchaser is the owner of said motor vehicle within the purview of Chapter 4509., Revised Code, regardless of whether such purchaser has obtained a new certificate of title in his own name within the three day period stipulated in Section 4505.06, Revised Code."

Shortly after the decision of *Brewer* v. *DeCant*, 167 Ohio St. 411, the Common Pleas Court of Franklin County decided the case of *Auto Owners Ins.* v. *Olney*, 84 Ohio Law Abs. 242, which was affirmed by the Tenth Appellate District Court of Appeals in 84 Ohio Law Abs. 244. The headnote of this case is as follows:

"Where an insured sold an automobile and delivered possession thereof to the purchaser who signed an installment note for the purchase price, executed a chattel mortgage, signed an application for transfer of the certificate of title which the vendor had delivered to him and redelivered such certificate to the vendor for filing in another county within the three days permitted by law, actual ownership with complete possession and control passed to the purchaser and purchaser is not covered by vendor's liability insurance during such three day period."

However, the more recent case of *Nationwide Mutual Ins. Co.* v. *Motorist Mutual Ins. Co.*, 116 Ohio App. 22, held as follows in its first paragraph of the syllabus:

"Where, in the sale of an automobile covered by a policy of garage liability insurance issued to the automobile dealer, the purchaser acquires immediate possession and control but not legal title to the automobile, under the provisions of Section 4505.04, Revised Code, ownership of the automobile remains in the dealer and coverage of such automobile by the dealer's policy of insurance continues in force until a certificate of title thereto has been issued to the purchaser."

See, also, *United States Fidelity & Guaranty Co.* v. *Selective Ins. Co.*, 8 Ohio App. 2d 189.

The above review of case law illustrates the problem of determining how the right of ownership is affected by a certificate of title for the purpose of determining liability of a liability insurance policy on a nondealer who has completed a sale of a motor vehicle to a bona fide purchaser for value, has assigned the certificate of title to the purchaser, and has delivered possession of both the motor vehicle and the certificate of title to such purchaser who becomes liable for an accident while driving such motor vehicle before the certificate of title was transferred out of the name of the nondealer seller.

However, this is not the issue to be decided in the instant case. It is true that in the instant case there is a bona fide purchaser for value, who has possession of both the motor vehicle and the certificate of title, and the certificate of title is still in the name of the nondealer seller but has been duly assigned to the purchaser. However, in our opinion the controlling issue is not whether Eugene W. Petry still has a recognizable legal title

to the 1957 Cadillac coupe under the Certificate of Title Act, which is the controlling issue in the cases involving liability insurance policies on motor vehicles involved in motor vehicle accidents. In our opinion the controlling issue in the instant case is whether Petry effectively divested himself of such control of this automobile, by assigning the certificate of title to Donald P. Howell and by delivering possession of both the automobile and certificate of title to Howell, that Howell has a superior right of possession of this motor vehicle to that of the plaintiff, whose claim or interest to this motor vehicle is that of a creditor of Petry on a claim that is not noted on the certificate of title.

In the case of *Leube* v. *Prudential Ins. Co. of America,* 147 Ohio St. 450, the court (Matthias, J.) states as follows at page 456:

"* * * the syllabus of a decision of this court must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the court. *Baltimore & Ohio Rd. Co.* v. *Baillie,* 112 Ohio St., 567, 148 N. E., 233; *Williamson Heater Co.* v. *Radich,* 128 Ohio St., 124, 190 N. E., 403."

See *Redifer Bus Co.* v. *Lumme, Admr.,* 171 Ohio St. 471, at page 475.

The only case directly in point with the instant case, that we could find, is *Commercial Credit Co.* v. *Schreyer,* 120 Ohio St. 568, which was decided in 1929 when evidence of title of a motor vehicle was designated a bill of sale instead of a certificate of title.

*Commercial Credit Co.* v. *Schreyer,* 120 Ohio St. 568, contained two cases, and it is the second case, styled *Anderson* v. *Smith,* that is identical to this case. Mr. and Mrs. Anderson were married in New York City. As part consideration Mr. Anderson gave Mrs. Anderson a new automobile. Mr. Anderson resided in Fayette County, Ohio. He executed a bill of sale to his wife; however the bill of sale was not signed by witnesses and was not verified as required by statute. Section 6310-9, General Code, provided as follows: "Any bill of sale not verified before delivery as hereinbefore provided shall be null and void and of no effect in law." The bill of sale was mailed to the auto club

in Fayette County, with instructions to file it in the clerk's Office, but the clerk refused to file it.

When Anderson and his wife returned to Fayette County, the sheriff levied execution upon the automobile, as the property of Mr. Anderson, to recover upon a judgment theretofore rendered against him in that county. Mrs. Anderson thereupon brought an action in replevin. The court held that the bill of sale, as it existed at the time of the levy of execution, was wholly invalid; and the transaction stood as though no bill of sale had been executed or delivered. The court further held that this did not *ipso facto* render the transfer void. It was still a valid contract between the parties, and Mrs. Anderson had the right of possession if she could show that this was a bona fide transfer to her.

The case of *Commercial Credit Co.* v. *Schreyer,* 120 Ohio St. 568, has never been overruled by the Ohio Supreme Court, although its decision was questioned by the Eighth Appellate District Court in *Union Commercial Corp.* v. *R. J. Schmunk Co.,* 30 Ohio Law Abs. 116, which arose out of an automobile purchased in New York under a conditional sales contract which was duly filed for record in New York. The automobile was brought to Ohio, and an Ohio certificate of title was obtained, which did not reveal the existence of the conditional sales contract. The automobile was sold to a bona fide purchaser for value without notice, and the holder of the conditional sales contract brought an action in replevin. The judgment of the trial court for the bona fide purchaser for value was affirmed. It is to be noted that the fact situation of *Union Commercial Corp.* v. *R. J. Schmunk Co.,* 30 Ohio Law Abs. 116, is similar to the first case of *Commercial Credit Co.* v. *Schreyer,* 120 Ohio St. 568, in which a chattel mortgage was involved; and in our opinion *Union Commercial Corp.* v. *R. J. Schmunk Co.,* 30 Ohio Law Abs. 116, is in accord with *Anderson* v. *Smith,* which is the second case in *Commercial Credit Co.* v. *Schreyer,* 120 Ohio St. 568.

We concur in the seventh and first paragraphs of the headnotes of *Union Commercial Corp.* v. *R. J. Schmunk Co.* 30 Ohio Law Abs. 116, which are as follows:

"7. The plain purpose of the 'certificate of title law' is to make the certificate of title a complete statement of the title of any motor car with notations of all liens and claims against

it, and any person purchasing a car has the right to rely on the certificate of title for these facts."

"1. Where there are two claimants to a motor vehicle, the one who has the certificate of title issued by the clerk of courts of the proper county will be protected against a rival claimant, under the first paragraph of Section 6290-4, G. C. [Section 4505.-04, Revised Code.]"

The case of *Automobile Finance Co.* v. *Munday,* 137 Ohio St. 504, was decided after *Union Commercial Corp.* v. *R. J. Schmunk Co.*, 30 Ohio Law Abs. 116. In the *Munday case,* an automobile dealer purchased a motor vehicle from a distributor and executed a chattel mortgage to a finance company and eventually sold the motor vehicle to a purchaser for value without notice of the chattel mortgage. The dealer then made an application to the clerk of courts for a certificate of title, and a certificate of title was issued in the name of the dealer, with the existence of the chattel mortgage noted on it. The finance company filed an action in replevin under its chattel mortgage, and the court affirmed the judgment of the trial court in holding that the right of property, as well as the right of possession, was in the purchaser for value without notice of the chattel mortgage. For facts that are not pertinent here the court held that the certificate of title was void because it was improperly issued and it questioned whether the chattel mortgage was properly noted on the certificate of title. In the absence of a certificate of title, the purchaser for value without notice could not show a complete title. However, there was no burden upon him to show any title or right of possession. The burden was upon the finance company to show an unlawful detention by the defendant of a chattel of which the finance company was the owner or in which he had some interest and of which the finance company was entitled to immediate possession. The court held that although the right of property to the motor vehicle by the purchaser for value without notice may be defective by reason of his lack of possession of a certificate of title, the evidence clearly disclosed that the purchaser for value without notice had the right of possession.

Our conclusion is that when a nondealer has completed a sale of a motor vehicle to a bona fide purchaser for value, has assigned the certificate of title to such purchaser, and has de-

livered possession of both the motor vehicle and the certificate of title to such purchaser, such purchaser has such right of possession and control of the motor vehicle and the certificate of title which is superior to any claim or interest of a creditor of the seller for a claim that is not noted on the certificate of title, who attaches the motor vehicle before the certificate of title is issued in the name of such purchaser but during the period provided by Section 4505.06 of the Revised Code for the purchaser to file an application for a certificate of title.

In the recent case of *State, ex rel. Ohio Auto & Truck Wrecking Assn.*, v. *Mainwaring*, 175 Ohio St. 497, the court (Gibson, J.) states as follows at page 501:

"The public policy declared by the Ohio Certificate of Title Act is to require each and every owner in the chain of title of a motor vehicle to secure a certificate of title. Thus no person may lawfully purchase or otherwise acquire a motor vehicle without obtaining a certificate of title in his name. Section 4505.03, Revised Code. Further, no person acquiring a motor vehicle from the owner thereof acquires any right, title, claim or interest in or to such vehicle until he has had issued to him a certificate of title; and courts are prohibited, in any case at law or in equity, from recognizing the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, *unless* evidenced by a certificate of title or admitted by the pleadings or stipulation of the parties to the suit. Section 4505.04, Revised Code. See *Kelley Kar Co.* v. *Finkler* (1951), 155 Ohio St., 541; and *Brewer* v. *DeCant* (1958), 167 Ohio St., 411."

The above statement stresses that the evidence of any right, title, claim, or interest in a motor vehicle must either be by a certificate of title or admitted by the pleadings or stipulation of the parties to the suit.

In the case of *Kelley Kar Co.* v. *Finkler*, 155 Ohio St. 541, the court (Middleton, J.) states, on page 545, that the purpose of enactment of the Certificate of Title Act was "to create an instrument evidencing title which would more adequately protect innocent purchasers of motor vehicles."

It has already been pointed out that plaintiff had the burden of proof to show that it was entitled to possession of this automobile as a creditor of Petry. The certificate of title law

applies as much to plaintiff as to defendants. The plaintiff must rely upon its own title or right to immediate possession and cannot prevail by reliance on the weakness of the title or right of possession of the defendants. *Kelley Kar Co.* v. *Finkler,* 155 Ohio St. 541.

The only evidence that plaintiff introduced as to ownership of this automobile was the verbal testimony of one of its employees who saw the certificate of title in the possession of Howell when the deputy sheriff attached the automobile. Defendants did not make a motion for a directed verdict at the close of plaintiffff's evidence, but introduced a copy of the certificate of title as part of their evidence; otherwise, we would have an interesting question whether plaintiff had sustained its burden of proof to establish that title to this automobile was still in the name of Petry according to the requirments of Section 4505.04 of the Revised Code.

However, a copy of the certificate of title has been placed into evidence by defendants and is before this court. It is true that the front part of the certificate of title reveals that it is issued in the name of Eugene W. Petry, but the reverse side of this certificate of title reveals that Eugene W. Petry assigned this automobile to Donald P. Howell. The evidence is clear that this assignment was made prior to the attachment. We have to consider the entire certificate of title and cannot ignore any part of it.

The evidence is clear that Petry had relinquished all right and control over both the automobile and the certificate of title prior to the time the autmobile was attached. We strongly feel that as between Petry and Howell, Petry has no legal or equitable right in either the automobile or the certificate of title, that could be enforced in any court. If this is true, plaintiff, as a creditor of Petry, could have no better right.

We feel that Howell had acquired the right of ownership to this automobile even though technically the legal title was still in the name of Petry, because the certificate of title shows that Petry had transferred the right of ownership to Howell. We further feel that the second paragraph of the syllabus of *Brewer* v. *DeCant,* 167 Ohio St. 411, is not applicable to this case, because the instant case can be distinguished on the facts.

However, even if the second paragraph of the syllabus of

*Brewer* v. *DeCant*, 167 Ohio St. 411, is fully applicable to this case, and we have to hold that both title and right of ownership to this automobile were in the name of Eugene W. Petry at the time of the attachment, this, in our opinion, still does not entitle plaintiff to possession of this automobile. Howell is an innocent purchaser for value, who had possession of both the automobile and the certificate of title when the automobile was attached, and the certificate of title reveals that he had the right of possession.

Plaintiff has clearly failed to sustain its burden of proof to establish that it has a legal claim or interest in this automobile, which entitles it to a superior right of possession of this automobile to that of defendant Howell. The facts are not in dispute, and, giving full weight to all the inferences that can be given to the facts of this case, the evidence is insufficient to sustain a judgment for plaintiff. Therefore, we hold that the judgment of the trial court as to the attachment of the 1957 Cadillac coupe is contrary to law.

The judgment as to Eugene W. Petry's indebtedness to plaintiff is affirmed. The judgment as to attachment of the 1957 Cadillac coupe is reversed, and the attachment of the 1957 Cadillac coupe is released. The sureties on redelivery bond are discharged.

*Judgment accordingly.*

JONES, P. J., and McLAUGHLIN, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District.