DITCO I, INC., D.B.A. PAPERMINT, APPELLEE, *v.* GIBSON, D.B.A. SHIFTY D'S PIZZA, APPELLEE; CRITES, APPELLANT.

(No. 84AP-308—Decided August 2, 1984.)

*Jack C. Thomas,* for plaintiff-appellee.

*Ray J. King,* for defendant-appellant.

*Topper, Alloway, Goodman, De-Leone & Duffey, John J. Duffey* and *John F. Stock,* for intervenor Dennis J. Evans, d.b.a. D. Jay's Service Center & Parts.

STRAUSBAUGH, J. This is an appeal by third-party claimant, Daniel D. Crites, from a judgment of the municipal court denying his certificate of title, which entry reads as follows:

"This cause came on to be heard on the third party claimant, Daniel D. Crites' motion for setting aside of the execution against a van alleged by plaintiff to belong to the defendant and alleged by the claimant to have been sold to him by the defendant, prior to the execution having been levied.

"It is undisputed in the pleadings of both parties that the van was attached on October 16, 1983 and that though an

alleged transfer of title may have occurred on August 1, 1983, between the defendant and the claimant, a new certificate of title to the van in the name of the claimant was not issued until November 1, 1983. It is further undisputed by the parties that if the defendant was the owner of the van at the time it was attached, a subsequent transfer of ownership is invalid.

"Despite claimant's argument that some courts of appeals have created an exception to the plain language of O.R.C. 4505.04, regarding the determination of ownership of motor vehicles, in the case at bar, this Court finds the holding in *Brewer* v. *DeCant,* 167 OS 411 [5 O.O.2d 60] (1958) to be controlling. In paragraph two of the syllabus it is stated:

" 'Under the Ohio Certificate of Title Act, a change in ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser.' *Brewer* v. *DeCant,* 167 OS 411 [5 O.O.2d 60] (1958).

"Therefore, as a matter of law, because claimant did not have a certificate of title issued in his name on the date the execution was levied against the van, he cannot be considered the owner on that date and he cannot prevail in this action.

"Final judgment is rendered for defendant on the merits and costs."

Claimant Crites sets forth the following single assignment of error:

"The Court below erred in finding that because claimant did not have a certificate of title issued in his name on the date the execution was levied against the van, he cannot be considered the owner on that date."

We overrule claimant's assignment of error based upon the law as set forth by the Supreme Court in paragraph two of the syllabus in *Brewer* v. *DeCant* (1958), 167 Ohio St. 411 [5 O.O.2d 60], which reads:

"Under the Ohio Certificate of Title Act, a change in ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser."

We recognize that this opinion may be in conflict with the case of *Stackhouse Oldsmobile, Inc.* v. *Petry* (1967), 12 Ohio App. 2d 68 [41 O.O.2d 122], rendered by the Court of Appeals for Mahoning County, and therefore would consider a motion to certify the record to the Supreme Court for review and final determination upon proper motion.

Claimant's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN, J., concurs.

WHITESIDE, J., dissents.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

WHITESIDE, J., dissenting. Inasmuch as I do not feel the result reached by the majority is required by *Brewer* v. *DeCant* (1958), 167 Ohio St. 411 [5 O.O.2d 60], I must dissent and would follow *Garlick* v. *McFarland* (1953), 159 Ohio St. 539 [50 O.O. 445], as well as *Stackhouse Oldsmobile, Inc.* v. *Petry* (1967), 12 Ohio App. 2d 68 [41 O.O.2d 122], and *Western Reserve Cas. Co.* v. *Mueller* (1969), 18 Ohio App. 2d 307 [47 O.O.2d 464], with all of which the majority opinion conflicts.

*Brewer, supra,* involved a sale by a dealer whom R.C. 4505.06(A) requires to obtain a certificate of title in the name of the purchaser. The seller here was an individual who does not acquire a certificate of title for the purchaser, but instead, is required to execute the assignment of certificate of title form appearing on the reverse side of the certificate

(see R.C. 4505.07) and give the certificate with the executed assignment to the purchaser. The purchaser then obtains a new certificate of title. See R.C. 4505.06(A).

Although in the opinion in *Brewer, supra,* Judge Bell questioned *Auto. Finance Co.* v. *Munday* (1940), 137 Ohio St. 504 [19 O.O. 176], and *Workman* v. *Republic Mut. Ins. Co.* (1944), 144 Ohio St. 37 [28 O.O. 564], neither case was questioned, modified or overruled by the syllabus of *Brewer.* However, Judge Bell relied upon *Garlick, supra,* which holds in the third paragraph of the syllabus: "* * * a change in the ownership of the automobile is not consummated * * * until the consummation of the sale by assignment and delivery of the certificate of title." This is further explained by Judge Matthias in the opinion at 549, in referring to *Auto. Finance* and *Workman, supra,* as well as *Mielke* v. *Leeberson* (1948), 150 Ohio St. 528 [38 O.O. 352], and *Kelley Kar Co.* v. *Finkler* (1951), 155 Ohio St. 541 [44 O.O. 494]:

"Those cases clearly and firmly establish the rule in Ohio that where endorsement and delivery of a certificate of title for an automobile are made, title passes even though there is a failure on the part of the recipient to secure the issuance of a new certificate in his name. * * *"

This is the exact situation involved herein, and *Garlick* holds that title passed by execution of the assignment and delivery of the certificate of title by Gibson to Crites. We are bound by *Garlick* which requires reversal of the judgment of the trial court. See, also, *Hughes* v. *Al Green, Inc.* (1981), 65 Ohio St. 2d 110 [19 O.O.3d 307], and *Mutual Finance Co.* v. *Kozoil* (1961), 172 Ohio St. 265 [15 O.O.3d 307], wherein it is noted at 267-268 that the purpose of the certificate of title law is to protect, not to defeat the right of an innocent purchaser.

Accordingly, I would sustain the assignment of error, reverse the judgment of the trial court and remand for further proceedings upon the factual issues presented.