## SCHUTT v. BATES.

(Decided September 30, 1929.)

*Messrs. White, Hammond, Brewer & Curtiss,* for plaintiff in error.

*Mr. C. F. McConnell,* for defendant in error.

VICKERY, P. J. This action, instituted against Vera Bates, comes into this court on a petition in error to the common pleas court of Cuyahoga county, and it was tried in this court upon findings of law and fact made by the common pleas court, which held against Mary H. M. Schutt, the plaintiff in error.

It seems that Mary Schutt had $2,500 in money which she gave over to a man by the name of Bates,

with instructions to use that money for a certain purpose, in a certain way, and that, in violation of that purpose, and contrary to the instructions of Mrs. Schutt, Bates mingled that money with a sum of about $12,000 which he received from his wife, Vera, and with the combined funds, amounting to $14,000 or more, purchased in the name of Vera Bates, a mortgage upon an apartment house in Lakewood. It does not appear that Mrs. Bates had any knowledge of where her husband got the $2,500 claimed by Mrs. Schutt. On this apartment house was a former mortgage securing bonds, and, the interest on the bonds not having been paid, Mrs. Bates, as the holder of the second mortgage, brought a suit to foreclose this mortgage, and the property was sold on foreclosure suit, and the first mortgagees were compelled to buy it in, so that the entire mortgage held by Mrs. Bates was wiped out and nothing was recovered. The effort of Mrs. Schutt in the court below and in this court was to show that, by reason of Bates mingling her $2,500 with the funds of Vera Bates, a trust was impressed upon that mortgage to the extent of $2,500 in favor of Mrs. Schutt, which was a prior claim to any claim that Mrs. Bates might have had on any money that was realized from the sale of property which secured this mortgage.

Whether this is true or not does not become very material, because, when the property was sold, nothing was realized on this mortgage. As I understand from counsel of Mrs. Bates, she only claimed $12,000 in this mortgage. The court below held that whatever money was realized on this mortgage should be prorated between Mrs. Schutt and Mrs. Bates, in

proportion to the amount each had put into this fund, and we cannot help but think that that was the proper solution of the matter as it appeared to the court. If, as is asserted, Mr. Bates used the money of Mrs. Schutt without authority, contrary to her instructions, he might be liable for conversion of this money, and liable to her in an action for the money *in toto;* but, if she ratified the actions of Bates, and she apparently did, by asserting her claim to a share of the proceeds that might result to the holder of the second mortgage, she thereby put herself upon a parity as a joint owner with Mrs. Bates of the mortgage for $14,000, and therefore, if there should be anything realized, it would be only right and just that each should share in proportion to the amount that each had contributed to the fund; but, as already stated, that has become merely an academic question, because the property has been sold and nothing was realized upon the second mortgage.

But the learned counsel for the plaintiff in error is not satisfied with that situation. He wants this court to make a finding of law which will enable him to maintain a suit in favor of Mrs. Schutt against Mrs. Bates for the $2,500 that Mr. Bates used and commingled with the money that he obtained from his wife. Now it must be remembered that this case is here on error, and the only facts that we have before us are in the findings of the court below, and the court expressly finds in one of its findings that Mrs. Bates had no knowledge of where the money came from. She did not know Mrs. Schutt. Consequently, according to this record, there is no warrant or basis upon which to lay the foundation of

an action to be brought against her, where she would be compelled to respond in a lawsuit to pay Mrs. Schutt $2,500, at least as far as we can determine. Whether we have the power to do it in any case, or not, we have no power to do it with the record as it is in this case.

We can see no error in the judgment of the court below, and, on the whole record, the judgment must be affirmed, and that will be the entry of the court.

*Judgment affirmed.*

Sullivan and Levine, JJ., concur.