AMERICAN HARDWARE MUTUAL INSURANCE CO., APPELLEE, *v.* MANSFIELD AUTO TRUCK PLAZA ET AL., APPELLANTS.

[Cite as American Hardware Mut. Ins. Co. *v.* Mansfield Auto Truck Plaza (1984), 15 Ohio St. 3d 367.]

368

(No. 84-586—Decided December 31, 1984.)

*Baran & Baran Co., L.P.A.,* and *Mr. Gary A. Piper,* for appellee.

*Messrs. Sauter & Hohenberger* and *Mr. Wayne P. Hohenberger,* for appellants Joseph F. Reynolds, Crist, Inc. and Firemen's Fund Ins. Co.

*Messrs. Brown, Bemiller, Murray & McIntyre* and *Mr. D. Kim Murray,* for appellant Mansfield Auto Truck Plaza.

*Messrs. Weldon, Huston & Keyser* and *Mr. Richard R. Fowler,* for appellant Vern Muntain.

*Messrs. Calhoun, Benzin, Kademenos & Heichel* and *Mr. James A. Calhoun,* for appellant Union Oil Co. of California.

CLIFFORD F. BROWN, J. This cause requires interpretation of an insurance contract where there is a conflict between the declarations page and its endorsements appearing on later pages, thereby creating an ambiguity. The printed references in the declarations page seemingly provided no coverage for personal property of another, but the typewritten numerical designations relating to endorsements conflicted therewith and provided such coverage. The defendants Reynolds and Crist, Inc. have a right to payment of their losses up to a limit of $200,000 plus $2,000 extended coverage based on the following principles.

When the printed references in a declarations page of an insurance policy contain typewritten numerical designations relating to endorsements, the typewritten endorsement designations are controlling where the endorsement provisions conflict with the printed references in the same declarations page. See *Moorman* v. *Prudential Ins. Co.* (1983), 4 Ohio St. 3d 20; *Munchick* v. *Fidelity & Cas. Co.* (1965), 2 Ohio St. 2d 303 [31 O.O.2d 569]; *Toms* v. *Hartford Fire Ins. Co.* (1945), 146 Ohio St. 39 [31 O.O. 538]; *Mumaw* v. *Western & Southern Life Ins. Co.* (1917), 97 Ohio St. 1.

Where a "liability insurance endorsement" refers to the typewritten designation "Bldg," as being the "Property Covered," and where the same endorsement refers to another endorsement, designated as MP100A, as being applicable, both endorsements create an ambiguity and must be read *in pari materia* to provide coverage as if these were part of the body of the policy. *Workman* v. *Republic Mut. Ins. Co.* (1944), 144 Ohio St. 37 [28 O.O. 564]; *German Fire Ins. Co.* v. *Roost* (1897), 55 Ohio St. 581; *Aetna Ins. Co.* v. *Houston Oil & Transport Co.* (C.A. 5, 1931), 49 F. 2d 121.

The trial court correctly determined that the provisions in Form MP100A are not limited to liability insurance coverage only for loss of the insured's building and for loss to its own personal property, but provide liability coverage for the loss to personal property of others, that is, the personal property losses of defendants Reynolds and Crist, Inc. with limits of liability of $200,000 plus $2,000, the latter of which represents the extended coverage beyond the $200,000 limit.

Therefore, the judgment of the court of appeals is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

W. Brown, Sweeney and J. P. Celebrezze, JJ., concur.

Celebrezze, C.J., Locher and Holmes, JJ., dissent.

Celebrezze, C.J., dissenting. While I am in complete agreement with the legal maxim that ambiguous language within a policy of insurance should be construed strictly against the insurer, *Moorman* v. *Prudential Ins. Co.* (1983), 4 Ohio St. 3d 20, 22, I am unpersuaded that application of that maxim in the appeal *sub judice* compels reversal of the judgment of the court of appeals.

The Declarations Page of the instant policy provides a space for noting coverage for loss of the personal property of others. This space in the policy in question is blank while other coverages are noted on the Declarations Page with specific policy limitations. Thus, one can reasonably conclude only that no coverage was intended for loss of the personal property of others.

With respect to the purported ambiguity in the policy created by virtue of certain endorsements, the majority necessarily assumes that certain endorsements, MP100A in particular, extend coverage for loss to the personal property of others and thereby create an ambiguity between the endorsements and the Declarations Page which must then be resolved in favor of the insured. In my view, these endorsements are anything but clear in their alleged extension of the coverage sought by appellants.

The majority heavily relies on the endorsement designated as MP-

100A which is referred to on the Declarations Page as applying to "11-6011 only." The endorsement designated as 11-6011 is, in my view, simply designed to cover the building in question. Although Form MP-100A does speak to coverage for loss of the personal property of others in its Section I, the portion of Form MP100A made operative by its addition to 11-6011 is Subdivision IV which sets forth the "Perils Insured Against." This particular section does *not* provide or extend coverage for loss to the personal property of others. As a consequence, endorsement 11-6011 in combination with Form MP100A does not extend the coverage sought by appellants.

The policy only extends a maximum of $2,000 coverage for "Non-Owned Personal Property." Therefore, I would hold that appellee's limit of liability for loss to the personal property of others is $2,000.

Accordingly, since I would affirm the judgment of the court of appeals, I dissent.

LOCHER and HOLMES, JJ., concur in the foreging dissenting opinion.