Security Federal Savings
and Loan Association
of Cleveland
v.
Keyes
[Cite as 4 AOA 480]

Case No. 89-G-1524
Geauga County, (11th)
Decided June 29, 1990

*Howard S. Rabb, 153 East Erie Street, Suite 304, Painesville, Ohio 44077, for Plaintiff-Appellant.*

*Edward M. Ryder, 30670 Bainbridge Road, Solon, Ohio 44139, for Defendant-Appellee.*

CHRISTLEY, P.J.

Appellant, Security Federal Savings and Loan Association of Cleveland, files a complaint against appellee, Michael Keyes, d.b.a. Mike Keyes Construction, in Geauga County Court of Common Pleas. Appellant provided the owner, who is not a party here, with construction financing. Appellee, the general contractor, received payments from the appellant from time to time prior to January 1, 1988, as construction progressed.

On January 14, 1988, appellant paid appellee $17,401.31. Around January 20, 1988, appellant made a duplicate payment to appellee. Appellant claims the second payment was erroneous and that the appellee converted those funds.

Appellee testified that he gave value through services and supplies to the owner of the residence in excess of $90,000. For these services and supplies, appellee states he was paid approximately $87,000 by the appellant.

Appellant filed a complaint on September 2, 1988. That complaint alleged two causes of action: the first was one of conversion; and the second was one of unjust enrichment.

Good service of the summons and complaint was obtained on September 8, 1988. Appellee never filed an answer.

On October 19, 1988, the appellant filed a motion for default judgment with the court. A hearing was scheduled for November 30, 1988.

Notice was sent to the appellee by both the appellant and the trial court.

On November 30, 1988, appellant appeared with counsel.

Upon hearing evidence presented by the appellant, the court rendered judgment against the appellee on its claim for conversion in the sum of $17,401.31, plus interest. The appellee did not appear although there is evidence he arrived after the proceeding was over. The judgment entry was filed with the court on December 12, 1988.

On April 28, 1989, eighteen weeks after the court entered its judgment, the appellee moved to vacate pursuant to Civ. R. 6(B)(1). On May 12, 198, appellant filed a brief in opposition to appellee's motion to vacate.

An oral hearing was granted regarding appellant's motion.

On May 17, 1989, the trial court issued a judgment entry granting appellee's motion for relief and setting aside appellant's default judgment against appellee. On June 9, 1989, appellant timely filed a notice of appeal to this court with the following assignments of error:

"1. The trial court erred and abused its discretion when it granted defendant's motion to set aside default judgment because defendant-appellee is not entitled to relief under rule 60(B) of the Ohio Rules of Civil Procedure where he has simply failed to respond to court documents.

"2. The trial court erred and abused its discretion when it granted defendant's motion to set aside default judgment because defendant-appellee did not file his motion within a reasonable time.

"3. The trial court erred and abused its discretion when it granted defendant's motion to set aside default judgment because defendant-appellee has not demonstrated that he has a meritorious defense or claim to present to the court."

There were, of course, three parties involved in this transaction, the bank, the builder and the owner. However, only the bank and the builder were involved in the action in the trial court below. As is usually the case in a construction loan scenario, there was no contract between the bank and the builder. Rather the only privity of contract existed between the builder and the owner. Nevertheless, liability of the owner is not an issue here.

It goes without saying that having released the funding without proper documentation, the bank itself may be guilty of conversion in rela-tionship to the owner. However, that problem is also not at issue before us nor do we have the facts to reach such a conclusion.

As to the relationship between the bank and the builder, the appellee's testimony given at the hearing on the motion for relief admitted that for the four previous payments he had been required to submit a pay authorization form signed by himself and the owner of the house in order to receive payments against the available building loan. He also admitted that no such form was submitted in reference to the fifth payment, the payment at issue. His defense was that the work was done and the bank owed him the money anyway. Even if he were able to demonstrate that he had, in fact, completed the work satisfac-torily and had paid all suppliers and subcontrac-tors, it is the owner who owed him the money not the bank. The bank's only obligation to the appllee was to issue a check to him from appellant's account *upon receipt* of a properly signed pay authorization. Despite his claim of completed work, he also admitted that he still owed several subcontractors for their work on the house, and, in fact, was repaying one of them on a time payment plant.

So this is not a matter where the general contractor had, in fact, completed all required work, gotten approval from his owner and cleared all potential bills and liens from his subcontrators. Without the submission of a proper release, there could be no duty of the bank owed to appellee. Thus, without that duty, appellee had no right to retain and cash the duplicate check.

"Conversion is the unauthorized assumption and exercise of right of ownership over the goods of another ***." *Pierce* v. *Steele* (Oct. 18, 1985), Ashtabula App. No. 1213, unreported; *Railroad Co.* v. *O'Donnell* (1892), 49 Ohio St. 489; *Ohio Tel. Equip. & Sales, Inc.* v. *Hadler Realty Co.* (1985), 24 Ohio App. 3d 91.

In Ohio, it is well settled that an action for conversion of money will lie if identification is possible and there is an obligation to deliver the specific money in question. *Schutt* v. *Bates* (1929), 33 Ohio App. 303.

To establish conversion, plaintiff need not demonstrate intent or wrongful purpose or asser-tion of ownership by defendant. *Taylor* v. *First Nat'l Bank of Cincinnati* (1986), 31 Ohio App. 3d 49, citing *Fulks* v. *Fulks* (1953), 95 Ohio App. 515, at 518-519.

Therefore, although there was some question at oral hearing as to whether or not this was a

proper exercise in conversion, it would appear that there was at least a prima facie case.

In its first assignment of error, appellant asserts that the trial court erred in setting aside the default judgment under Civ. R. 60(B), since the appellee failed to demonstrate adequate grounds for relief. This assignment is well taken.

The Ohio Supreme Court has held:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(b)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, paragraph two of the syllabus. See, also, *Ridgeview Realty, Inc.* v. *Jakubick* (Aug. 11, 1989), Trumbull App. No. 88-T-4129, unreported, at 3; *Kleese* v. *Hunt* (Jan. 13, 1989), Trumbull App. No. 88-T-4042, unreported, at 4. If these three requirements are not met, the motion should be overruled. *Rose Chevrolet, Inc.* v. *Adams* (1988), 36 Ohio St. 3d 17, 20.

Appellee argues he was entitled to relief under Civ. R. 60(B) for failure to respond to court documents. In *Associated Estates* v. Fellows (1983), 11 Ohio App. 3d 112, 113, paragraph two of the syllabus, the court held that:

"The neglect of an individual to seek legal assistance after being served with court papers does not necessarily constitute `excusable neglect,' as that term is used in Civ. R. 60(B)(1).'

Additionally, the Ohio Supreme Court has held that the movant filing a Civ. R. 60(B) motion must set forth operative facts regarding a claim of excusable neglect. *Rose Chevrolet, supra,* at 17.

At a minimum,

"*** the movant is to enlighten the court as to why relief should be granted. *** A mere allegation that the movant's failure to file a timely answer was due to `excusable neglect and inadvertence,' without any elucidation, cannot be expected to warrant relief." *Id.* at 21.

The court in *Rose Chevrolet, supra,* at 21, citing *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 248, recognized that Civ. R. 60(B) was a remedial rule to be liberally construed, but the "competing principle that litigation must be brought to an end is also pertinent here." Therefore, where the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ. R. 60(B) without setting forth any operative facts, the motion should be denied.

Appellee did not assert any acceptable operative facts for this defense of excusable neglect either in his motion or at the hearing. Thus, appellee failed to establish the right to relief prong of his 60(B) motion. Appellant's first assignment has merit.

In appellant's second assignment, it contends that the trial court abused it discretion in granting the Civ. R. 60(B) motion because the appellee did not file his motion in a reasonable time.

Appellee had over a month and a half before the default hearing the either respond to the documents himself or obtain legal counsel; he did neither. In addition, the appellee stated he contacted the appellant the day before the default hearing and appeared late for that hearing. Even then he did not contact counsel after the hearing; he waited another 18 weeks before filing his motion for relief.

*GTE*, at 113, requires that a motion a made pursuant to Civ. R. 60(B) must be made "within a reasonable time." "While a party may have possible right to file a motion to vacate up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision." *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 106.

Further, the movant has the burden of proof. The movant "must submit factual material which on its face demonstrates the timeliness of the motion, ***." *Id.* at 103. To sustain his burden, "good legal practice dictates that the movant *** present operative facts to demonstrate that he is filing his motion within a reasonable period of time. *** *Id.*

In *Mount Olive Baptist Church* v. *Pipkins Paints* (1979), 64 Ohio App. 2d 285, paragraph two of the syllabus, the court held that:

" [a] motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion pursuant to Civ. R. 60(B)(5). In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion."

Since the appellee failed to present either within the motion or the hearing any explanation for the 18 week delay in filing his motion to

vacate the default judgment, the granting of the motion was an abuse of the trial court's discretion. Appellant's second assignment of error has merit.

In regards to the third assignment of error, the Supreme Court has held most recently in *Rose Chevrolet, supra,* that a mere allegation of a meritorious defense is sufficient and that it is not necessary to allege supporting operative facts in the motion itself.

Nevertheless, once a hearing on the motion is granted, regardless of the content of the motion itself, it is well settled that the movant must go forward and present some evidence in support. Thus, the purpose of the hearing is to verify the allegations in the motion before the court rules on the motion. *Adomeit, supra.* We have recently provided an extended analysis on this issue in *Kasputis* v. *Blystone* (Apr. 20, 1990), Ashtabula App. No. 88-A-1416, unreported.

In this instant case, at the hearing appellee indicated that he had never satisfied the necessary requirements for obtaining the duplicate payment at issue; specifically, the presentation of a payment of a payment authorization form, properly signed and delivered to the bank. Thus, the appellee never provided the verification of his allegaiton of an entitlement to payment which he relied on in his motion for relief. As was discussed in the prologue, even if he had completed the work and satisfied his subcontractors, he never compiled with the requirement of providing the bank with the proper paper work authorizing the release of the money. Thus, he never demonstrated or alleged any sufficient legal theory as to why the bank and not the owner owed him the money.

The third assignment has merit.

In order for a Civ. R. 60(B) motion to be granted, each of the three prongs of *GTE* must be met. The absence of any one of these elements is fatal to the movant's motion. In the instant case, the appellee failed to meet any of the three.

The judgment of the trial court is reversed and this matter is remanded for action consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

FORD, J., and BAIRD, J., Ninth Appellate District, sitting by assignment concur.