[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Herman J. Byrd, appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Kennedy Funding, Inc, on Byrd's claims for unjust enrichment, conversion, and aiding or participating in the sale of unregistered securities. The record shows that Byrd invested $100,000 in a fraudulent scheme perpetrated by Cincinnati Regional Initiative, Inc., and the other defendants (collectively, "CRI"). Kennedy Funding was a lender who had initially agreed to fund a development project for CRI. Byrd wired his $100,000 investment to Kennedy Funding at CRI's direction. He understood that this wire transfer to Kennedy Funding would be applied toward a nonrefundable loan-application fee that CRI owed Kennedy Funding. Kennedy Funding withdrew its offer for funding when it discovered that the real estate CRI had pledged as collateral was not worth $30,000,000, as CRI had claimed.
In his sole assignment of error, Byrd contends that the trial court erred in granting summary judgment in favor of Kennedy Funding. The trial court granted summary judgment on Byrd's conversion claim on the basis that Byrd's $100,000 was not specifically earmarked and capable of identification. See Wiltberger v. Davis (1996), 110 Ohio App.3d 46,673 N.E.2d 628. We disagree with this reasoning. Money can be converted if it is identifiable and an obligation exists to deliver the specific money in question. Schutt v. Bates (1929), 33 Ohio App. 303, 169 N.E. 314;Kiss v. Dodge (Dec. 31, 1998), 6th Dist. No. E-98-027; Security Fed.Sav. Loan Assn. of Cleveland v. Keyes (June 29, 1999), 11th Dist. No. 89-G-1524. In this case, Byrd's funds were capable of identification, and, therefore, the trial court erred in granting summary judgment in favor of Kennedy Funding on that basis.
Nevertheless, a trial court can be right for the wrong reasons, and here the trial court was ultimately correct in granting summary judgment. See Este Oils Co. v. Federated Ins. Co. (1999),132 Ohio App.3d 194, 724 N.E.2d 854; Hall v. Gill (1995),108 Ohio App.3d 196, 670 N.E.2d 503. The second prong of the conversion test is that an obligation must exist to return the money in question. Conversion is defined as a wrongful or unauthorized act of control over the personal property of another that deprives the owner of possession of the property. Taylor v. First Natl. Bank of Cincinnati (1986),31 Ohio App.3d 49, 508 N.E.2d 1006; Ohio Telephone Equip. Sales, Inc.v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, 493 N.E.2d 289. Byrd presented no evidence showing that Kennedy Funding's control of the property was wrongful or unauthorized. He admitted to sending the money on behalf of CRI as part of CRI's nonrefundable application fee.
Further, if the original taking is rightful and no act of control inconsistent with the plaintiff's ownership has taken place, a demand and refusal are necessary before a conversion may occur. Kraft Constr. Co.v. Cuyahoga Cty. Bd. of Commrs. (1998), 128 Ohio App.3d 33,713 N.E.2d 1075; Ohio Telephone Equip., supra; Kitchen v. Welsh Ohio,LLC (June 12, 2001), 10th Dist. No. 00AP-1256. Byrd voluntarily wired the funds to Kennedy Funding on behalf of CRI. He testified that he had never demanded that Kennedy Funding return his money and that he had no knowledge if his attorney had done so on his behalf.
We find no issues of material fact. Construing the evidence most strongly in Byrd's favor, we hold that he failed to show a conversion by Kennedy Funding. Kennedy Funding was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor on Byrd's conversion claim. See Dresher v. Burt (1996),75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264; Stinespring v. NatorpGarden Stores, Inc. (1998), 127 Ohio App.3d 213, 711 N.E.2d 1104.
Byrd next contends that the trial court erred in granting summary judgment in favor of Kennedy Funding on his unjust-enrichment claim. He contends that no evidence existed to support the trial court's finding that Kennedy Funding was entitled to keep the $100,000 wire transfer.
Unjust enrichment occurs when a party retains money or benefits that in justice and equity belong to another. Liberty Mut. Ins. Co. v. Indus.Comm. (1988), 40 Ohio St.3d 109, 532 N.E.2d 124; Brose v. Bartlemay
(Apr. 16, 1997), 1st Dist. No. C-960423. Merely conferring a benefit is insufficient. The plaintiff must demonstrate that he or she has such a superior equity that it would be unconscionable for the defendant to retain that benefit. Katz v. Banning (1992), 84 Ohio App.3d 543,617 N.E.2d 729; Cincinnati v. Fox (1943), 71 Ohio App. 233, 49 N.E.2d 69.
Kennedy Funding was actually entitled to a $440,000 nonrefundable application fee as part of its contract with CRI, $340,000 of which it never received. Byrd never expected Kennedy Funding to repay his money. Instead, he expected to receive his $100,000 plus a return on his investment from CRI. The record is devoid of any evidence of fraudulent, illegal or bad-faith conduct on the part of Kennedy Funding. SeeMetropolitan Life Ins. Co. v. Triskett Illinois, Inc. (1994),97 Ohio App.3d 228, 646 N.E.2d 528. We agree with the trial court when it stated that "the Court is unwilling to now conclude that retaining the $100,000.00 portion of the application fee was unconscionable when Kennedy Funding was acting pursuant to its agreement with CRI calling for the transfer of a nonrefundable sum of money. In truth and fact, plaintiff Byrd's action does exist against CRI but not defendant Kennedy Funding."
We find no issues of material fact. Construing the evidence most strongly in Byrd's favor, we hold that Byrd failed to demonstrate that Kennedy Funding had been unjustly enriched. Accordingly, Kennedy Funding was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in favor of Kennedy Funding on Byrd's unjust-enrichment claim. See Dresher, supra; Stinespring, supra.
Finally, Byrd contends that the trial court erred in granting summary judgment on his claim relating to Ohio's Blue Sky laws in R.C. Chapter 1707. He contends that he presented evidence to show that Kennedy Funding participated or aided in the sale of unregistered securities.
Under R.C. 1707.43, a buyer has a cause of action against every person who has participated or aided in any way the seller in a contract for the sale of securities in violation of R.C. Chapter 1707. Boland v. Hammon,144 Ohio App.3d 89, 2001-Ohio-2680, 759 N.E.2d 789. In this case, Kennedy Funding's involvement with CRI and its sale of securities was as a lender. Its financial gain would have been through the payment of interest on the loan, not from the sale of securities, and its collateral for the loan would have been real estate, not securities. It had no financial stake in CRI's sale of securities. While the legislature intended for the statute to cast a broad net, Kennedy's Funding's conduct in this case did not constitute participating or aiding in the sale of securities. See Leeth v. Decorator's Manufacturing, Inc. (1979),67 Ohio App.2d 29, 425 N.E.2d 920; Hild v. Woodcrest Assn. (C.P. 1977),59 Ohio Misc. 13, 391 N.E.2d 1047; In re Bell Beckwith (Bankr. Ct. N.D. Ohio 1988), 89 B.R. 632. Compare Boland, supra; Federated Mgmt. Co.v. Coopers Lybrand (2000), 137 Ohio App.3d 366, 738 N.E.2d 842;Perkowski v. Megas Corp. (1990), 55 Ohio App.3d 234, 563 N.E.2d 378;Gerlack v. Wergowski (1989), 65 Ohio App.3d 510, 584 N.E.2d 1220; Cranev. Courtright (1964), 2 Ohio App.2d 125, 206 N.E.2d 913; Jelm v. Galan
(Mar. 7, 1991), 8th Dist. No. 58093.
We find no issues of material fact. Construing the evidence most strongly in Byrd's favor, we hold that Byrd failed to demonstrate that Kennedy Funding participated or aided in the sale of unregistered securites. Consequently, Kennedy Funding was entitled to judgment as a matter of law, and the trial court did not err in granting its motion for summary judgment on Byrd's securities-law claim. See Dresher, supra;Stinespring, supra.
In sum, we hold that the trial court did not err in granting summary judgment on all three of Byrd's claims against Kennedy Funding. Accordingly, we overrule Byrd's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Winkler, JJ.