ZERNECHEL PLUMBING CO. v. DAVIS.

(No. 78CVF-2547—Decided October 18, 1978.)

Canton Municipal Court.

*Mr. James Mannos,* for plaintiff.
*Mr. George Aman,* for defendant.

MYLETT, J. This matter came on for hearing upon the complaint of the plaintiff and answer of the defendant and the evidence was presented by both parties.

This complaint is an action upon account plus interest at the rate of 1½ percent per month upon the balance of said account. The defendant admits he owes the principal amount of $2,419.94 but denies the claim for interest at 1 1/2 percent per month on the ground it is usurious interest and in violation of R. C. 1343.04.

The plaintiff is a plumber who orally contracted to do plumbing work for defendant, a contractor. The plaintiff attached a copy of his account to the complaint which recites debits and credits from October, 1975, through November 29, 1976, when the last balance was posted at $2,

419.14. Upon the account he wrote $36.29 per month—24 months equals $870.96, thus claiming a total due of $3,290.-10 up to April 21, 1978, when complaint was filed.

The plaintiff testified his statements to debtors recite the following:

1. "Terms Cash: No claims allowed unless made in 15 days."

2. "A Service charge of One and One-Half (1 1/2) Percent per month will be charged on all accounts that are over thirty (30) days old. This is Eighteen (18) Percent per year."

The plaintiff further testified he is claiming the interest in this case to offset his expenses in the collection of this account.

Both counsel cite R. C. 1343.01 as their respective authority for their positions; defendant claims R. C. 1343.01 (A) applies and plaintiff claims he falls within the exceptions of R. C. 1343.01 (B).

The issue in this case is as follows: Is the plaintiff, a plumber and businessman whose business is to render labor and material, and who maintains an open account, not in writing, entitled to charge interest in excess of 8 percent per annum as set forth in R. C. 1343.01 (A).

The court is of the opinion there is much confusion in the area of exceptions to the usury statute. A review of R. C. 1343.01 (B) makes no exception for an open account.

The court finds that finance charges and service charges in excess of R. C. 1343.01(A) can only be made under the authority of R. C. 1317.06 and 1317.11 governing retail installment sales, R. C. 1321.13 governing small loans, and the exceptions permitted by R. C. 1343.01(B).

A creditor based on an open account cannot exceed the usury interest, unless he sets up a budgeting agreement prior to the transaction pursuant to R. C. 1317.11.

It is the opinion of the court that the 1 1/2 percent per month charged in this case is without authority of Ohio statute and therefore is usurious interest. The court finds that plaintiff is entitled to interest as set forth in R. C. 1343.03 at the rate of 6 percent per annum from November

29, 1976, through September 30, 1978, computed to be $266.-00 upon the principal balance of $2,419.14.

The court finds in favor of the plaintiff in the amount of $2,685.14.

It is ordered, adjudged, and decreed that judgment shall be granted to the plaintiff against the defendant, Leland Davis, in the amount of $2,685.14 plus court costs and interest at the rate of 6 percent per annum beginning October 1, 1978.

*Judgment accordingly.*