OPENINGS, INC., *v.* SEDON
CONSTRUCTION CO.

(No. 81CVF4710—Decided
March 30, 1982.)
Canton Municipal Court.

*Mr. Gerald L. Baker,* for plaintiff.
*Mr. George J. Aman,* for defendant.

SOUERS, J. Over a period of some three years beginning in early 1978, through December of 1980, the defendant, Sedon Construction Co., purchased numerous construction materials from the plaintiff, Openings, Inc., and installed them at various construction sites being conducted by the defendant. Neither the fact that these purchases were made, nor the charges for these purchases, nor the issue of whether or not these items were paid for are in dispute. The plaintiff acknowledges that all of its invoices for materials to the defendant were ultimately paid in full.

Two issues, however, remain for determination by this court. First of all, the plaintiff stated that on its invoice forms (plaintiff's Exhibits "B" and "C"), that "a finance charge of 1½% per month (18% per annum), will be added to all amounts past due." The plaintiff submits plaintiff's Exhibit "C," an invoice from August 25th, 1977, as evidence of the fact that the defendant understood that the finance charge was part of the contract or contracts for the various sales of equipment exhibited by plaintiff's Exhibit "B." The court finds that the finance charge of 1½ percent per month was part of the contract entered into between the plaintiff and the defendant, and that both parties understood that this was a term of the contract of sale for all of the materials relevant to this case. The defendant, however, raises the issue of usury, claiming that even though the defendant may have agreed to the 1½ percent per month finance charge, the usury laws of this state, namely R.C. 1343.01 through 1343.05, are applicable.

On this issue, the defendant cites *Zernechel Plumbing Co.* v. *Davis* (1978), 59 Ohio Misc. 11, 13 O.O.3d 90, a prior decision of this court, as authority for the proposition that a retail seller such as the plaintiff in the case at bar can charge no more than the legal maximum rate of eight percent per annum as interest as provided in R.C. 1343.01. The *Zernechel* case is very similar to the case at bar except that the defendant in the *Zernechel* case was an individual and the defendant in the case at bar is a corporation. The

defendant's claim of usury fails to take into account R.C. 1701.68 which provides: ·

"No domestic or foreign corporation, or anyone on its behalf, shall interpose the defense or make the claim of usury in any proceeding upon or with reference to any obligation of such corporation; nor shall any corporate note, bond, or other evidence of indebtedness, mortgage, pledge, or deed of trust, be set aside, impaired, or adjudged invalid by reason of anything contained in laws prohibiting usury or regulating interest rates."

The court thus determines that the *Zernechel* case is clearly distinguishable from the case at bar, and that the defendant in this case, being a corporation, is not entitled to plead usury because of R.C. 1701.68.

The second issue for determination in this case is whether or not the restriction stamped on the reverse of the defendant's last check completing the payment on the principal obligation for the construction materials constituted a release of the defendant upon the interest obligation. The last check which the defendant paid to the plaintiff in the sum of $729.37, which it was conceded at trial, completed payment on the principal obligation for construction materials, bore the following restriction on the reverse side:

"The payee acknowledges that the amount received hereby, as witnessed by his endorsement hereon, is in full payment of labor and materials furnished to Mics [*sic*] Invoices for premises at Mics [*sic*] addresses and he does also hereby release, by his endorsement hereon, any and all rights of mechanics lien***which he might otherwise have and he further certifies that all persons furnishing him labor and materials have been paid in full."

It is similarly undisputed that the plaintiff endorsed this check, negotiated it, and it was paid in the ordinary course by the defendant's bank. The issue for determination by this court is whether endorsement and negotiation of the check bearing the above terms constituted an accord and satisfaction and, therefore, released the defendant from its obligation for finance charges under the contract.

The defendant's president, George Sedon, testified that the restrictive stamp on the back of the defendant's check had been used for a couple of years by the defendant, particularly to obtain releases of mechanic's lien rights from suppliers. He stated this was the principal purpose of the restriction. The language of the restriction clearly makes endorsement of the instrument "in full payment of labor and materials furnished" to miscellaneous invoices for premises at miscellaneous addresses. However, it is similarly clear that the interest for which the plaintiff sues is not for labor and material, but rather for a finance charge as indicated on the plaintiff's invoices. This is further supported by the testimony of the defendant's president who stated that the defendant never paid interest charges and by the apparent payments on the defendant's account, none of which make any payment on the interest or finance charge at the time of payment.

The court, therefore, finds that the finance charge or interest charges sued upon by the plaintiff are separable from the payments for "labor and materials furnished," and as these are not clearly included in the restrictions on the defendant's check, there has not been an accord and satisfaction as to the plaintiff's interest or finance charges.

Regarding the claimed defense of accord and satisfaction, it should also be noted that accord and satisfaction is an affirmative defense as provided in Civ. R. 8(C) and that the defendant failed to plead this affirmative defense in its Answer, but only pleaded the affirmative defense of usury. As no amendment to the Answer was filed before, during, or after the trial

of this cause, the affirmative defense of accord and satisfaction is waived pursuant to Civ. R. 12(H).

This court having determined that the finance charge of 18 percent per annum on this account was legal as against this defendant, the court finds that $451.99 is due the plaintiff as interest upon the balance stated of $2,511.08 as of March 31, 1981. The court therefore finds that the defendant is liable to the plaintiff in the sum of $2,963.07 and costs of this action. The judgment of this court will bear interest at the rate of eight percent per annum pursuant to R.C. 1343.03.

*Judgment accordingly.*